United States Courts
Southern District of Texas
FILED
*August 12, 2026*
Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**UNITED STATES OF AMERICA** §
§
**v.** § **CRIMINAL NO. 4:26-cr-521**
§
**YUE ZHANG** §

# INDICTMENT

THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

## BACKGROUND AND APPLICABLE LAW

1. The Federal Aviation Administration ("FAA") is an agency within the United States Department of Transportation responsible for the regulation of civilian aviation matters in the United States and its territories. The primary concern of the FAA in regards to civilian aviation matters is safety. In the same regard, the FAA was charged with safely integrating unmanned aircraft systems ("UAS"), commonly referred to as "drones", into the National Airspace. Federal Aviation Regulations, found within Title 14 of the Code of Federal Regulations ("C.F.R.") are enforced by the FAA.

2. Title 14, C.F.R. § 1.1 defines the following terms used herein:

A. "Aircraft" means any contrivance invested, used, or designed to navigate, or fly in, the air.

B. "Unmanned aircraft" means an aircraft that is operated without the possibility of direct human intervention from within or on the aircraft.

C. "Small unmanned aircraft" means an unmanned aircraft weighing less than 55 pounds, including the weight of anything attached to or carried by the aircraft.

D. Unmanned aircraft system ("UAS") means an unmanned aircraft and associated elements (including communication links and the components that control the unmanned aircraft) that are required for the operator to operate safely and efficiently in the national airspace system.

3. Pursuant to 14 C.F.R. § 48.15, no person may operate a small unmanned aircraft unless the aircraft is registered with the FAA (with limited exceptions not applicable to the defendant in this case) and is marked as required under the Regulations.

4. If a person is not a United States citizen and brings a foreign unmanned aircraft or small unmanned aircraft into the United States, the person must follow the FAA's Remote ID guidelines to operate in the United States. If the foreign unmanned aircraft or small unmanned aircraft has FAA remote ID broadcasting capabilities and is registered in a country outside the United States, then the person must submit a Notice of Identification ("NOI") to the FAA before they fly the unmanned aircraft or small unmanned aircraft. *See* 14 C.F.R. § 48.125.

5. If the foreign unmanned aircraft or small unmanned aircraft is not registered in a country outside the United States and/or does not have Remote ID, the only place a person can operate the unmanned aircraft or small unmanned aircraft is within the geographic boundaries of an FAA-Recognized Identification Area.

6. Pursuant to 14 C.F.R. § 107.12, no person may manipulate the flight controls of a small unmanned aircraft system unless that person has a remote pilot certificate with a small UAS rating (with limited exceptions not applicable to the defendant in this case).

7. By way of background, there are two main ways, although there are more, to lawfully operate a UAS within the National Airspace: (a) by obtaining a Part 107 Remote Pilot Certificate and registering the UAS with the FAA; or (b) by flying under the Exception for Recreational Flyers. A UAS weighing less than 250 grams does not currently have to be registered with the FAA unless it is

operated under Part 107 or for commercial purposes. The Exception for Recreational Flyers detailed in 49 U.S.C. § 44809 ("the Exception") contains the following requirements, all of which must be met:

A. The aircraft is flown strictly for recreational purposes.

B. The aircraft is operated in accordance with or within the programming of a community-based organization's set of safety guidelines that are developed in coordination with the Federal Aviation Administration.

C. The aircraft is flown within the visual line of sight of the person operating the aircraft or a visual observer co-located and in direct communication with the operator.

D. The aircraft is operated in a manner that does not interfere with and gives way to any manned aircraft.

E. In Class B, Class C, or Class D airspace or within the lateral boundaries of the surface area of Class E airspace designated for an airport, the operator obtains prior authorization from the Administrator or designee before operating and complies with all airspace restrictions of prohibitions.

F. In Class G airspace, the aircraft is flown from the surface to not more than 400 feet above ground level and complies with all airspace restrictions and prohibitions.

G. The operator has passed an aeronautical knowledge and safety test described in subsection (g) and maintains proof of test passage to be made available to the Administrator or law enforcement upon request.

H. The aircraft is registered and marked in accordance with chapter 441 of this title and proof of registration is made available to the Administrator or a designee of the Administrator or law enforcement upon request.

8. A UAS operator who at any time fails to meet one or more of the aforementioned

requirements for operations under the Exception is immediately no longer eligible for the Exception. At that point, the operator is subject to the requirements of Part 107, which requires, among other things, possession of a valid FAA Remote Pilot Certificate. UAS operations under Part 107 by UAS operators who do not possess an FAA Remote Pilot Certificate are unlawful pursuant to 49 U.S.C. § 46306(b)(7). A UAS operated under Part 107 must also be registered regardless of weight, and the operator must carry proof of registration while operating the UAS to be presented to law enforcement on request. Further, UAS operators who fail to meet any of the requirements in the limited statutory exception in 49 U.S.C. § 44809 while operating a UAS are doing so unlawfully unless they possess an FAA Remote Pilot Certificate permitting them to operate under Part 107.

9. One of the requirements an operator must meet to be eligible for the Exception is that "[i]n Class B, Class C, or Class D airspace or within the lateral boundaries of the surface area of Class E airspace designated for an airport, the operator obtains prior authorization from the Administrator or designee before operating and complies with all airspace restrictions and prohibitions." Therefore, any operations of UAS within Class B, Class C, Class D, or Class E airspace without obtaining authorization from the FAA would result in the UAS operator no longer being eligible for the Exception, and thus subject to Part 107.

10. Submission of an NOI is a requirement for operators of foreign-registered UASs with FAA remote ID. The operators must submit information to the FAA prior to operating their UAS in the United States National Airspace System ("NAS"). NOI is required for flying both recreational and under Part 107 with a Standard Remote ID UAS or a UAS using a Remote ID broadcast module. The UAS or broadcast module must be listed on an FAA-accepted Declaration of Compliance ("DOC") in order to be used in the United States. Once registered, foreign UAS operators will receive a Confirmation of Identification (CID).

**COUNT ONE**
**(Serving and Attempting to Serve as an Airman without an Airman's Certificate)**

On or about May 25, 2025, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

**YUE ZHANG,**

knowingly and willfully served and attempted to serve as an airman, by operating an unmanned aircraft system, without first obtaining an airman's certificate authorizing an individual to serve in that capacity.

In violation of Title 49, United States Code, Section 46306(b)(7).

**NOTICE OF FORFEITURE**
**(49 U.S.C. § 46306(d))**

Pursuant to Title 49, United States Code, Section 46306(d), the United States gives notice to the defendant that in the event of his conviction of the offense charged in Count One of this Indictment, any aircraft whose use is related to a violation of Title 49, United States Code, Section 46306(b), or to aid or facilitate a violation thereof, is subject to forfeiture, including but not limited to a DJI Mavic 3 with serial number 1581F45TB21BC2AE037H.

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE

Foreperson of the Grand Jury

AARON F. REITZ
United States Attorney

By: /s/ Rodolfo Ramirez
Rodolfo Ramirez
Assistant United States Attorney